UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ELLA K. THACKER )
 )
v. ) NO. 2:05-CV-41
 )
SULLIVAN COUNTY JAIL, SGT. )
LORI DELP, and MAJ. BRENDA )
HENSLEY )

**MEMORANDUM and ORDER**

Ella K. Thacker, a state prisoner housed in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights case for damages and injunctive relief under 42 U.S.C. § 1983, alleging that she is being subjected to unconstitutional confinement conditions and denied a transfer to a state prison. The plaintiff is **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where she now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

or

(b) twenty percent (20%) of the average monthly balance in her inmate trust account for the six-month period preceding the filing of the complaint on February 16, 2005.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to her trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[1] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the SCDC, to ensure compliance with the above fee-assessment procedures.

In her complaint, the plaintiff alleges five claims. In the first of these, she asserts that the SCDC is overcrowded, with 24 to 28 prisoners housed in cells which contain bedding for 18 people, and that she is forced to step over floor pallets in order to gain access to phones, tables and bathroom facilities. In her next claim, she maintains that she needs counseling to help her recover from a drug and alcohol

[1] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

addition and that the SCDC offers her no opportunity to obtain counseling. much less an opportunity to participate in rehabilitation or educational programs. Her third claim is that the SCDC does not furnish three balanced daily meals. In her fourth claim, she asserts that defendant Delp refused her request to file a form under the Interstate Agreement on Detainers Act. Her final claim is that, for some time, she has been waiting for transport to a state facility but that she has been told by defendant Delp that other prisoners who have medical problems have been taken in her place.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as she shall have exhausted her available administrative remedies. *See Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning every single claim. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005); *Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown*)). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by

attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner bears the burden of showing that she has exhausted her remedies. *Brown*, 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

The plaintiff asserts in paragraph II of her complaint that the SCDC has a prisoner grievance procedure, but that she has not presented the facts relating to her claims through the grievance system because she is "not allowed to grieve transfers to other facilities."

Assuming that the SCDC authorities have imposed a flat rule against grievances complaining about transfers to other facilities, that rule would not prevent the plaintiff from offering the facts relating to her other claims for resolution through the institutional grievance system.

Accordingly, because the plaintiff has the burden of showing she has exhausted her administrative remedies with respect to the claims raised in her § 1983 complaint and because she has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative

remedies.[2]

A separate order will enter.

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

---

[2] Allegations which do not state a claim in the first place do not have to be exhausted. *Brown*, 139 F.3d at 1113. This would include the allegations in claim two, *see Rhodes v. Chapman*, 452 U.S. 337 (1981) (no constitutional right to vocational or educational programs in prison); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985) (no right to rehabilitation programs), and in claim 5, *see Meachum v. Fano*, 427 U.S. 215, 228-29 (1976) (no right to be confined in any particular prison or jail).